LOUIS R. LACKEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8495. Promulgated February 2, 1928.

*M. F. Mitchell, Esq.*, and *George M. Thompson, C. P. A.*, for the petitioner.

*L. Dana Latham, Esq.*, for the respondent.

500

OPINION.

MARQUETTE: The petitioner contends that the transaction involving the sale of his stock was not completed in 1920 so that his profit therefrom could be ascertained in that year, and that if the sale was completed in 1920 it was nevertheless a sale on the installment plan and that the profit thereon should be computed on that basis. The respondent takes the position that the sale to the Tidewater Coal Co. was a completed transaction in 1920; that it was not a sale on the installment plan, and that all the profit should be reported as income for 1920.

The contract of sale, the material parts of which are set forth in the findings of fact, purports to be a contract made by T. S. Lackey, acting for himself and the other stockholders of the Superior Connellsville Coal Co., to sell all of their capital stock in, and all of the assets of that company. Whether the stockholders, acting for themselves and not for the corporation, could sell the corporation's assets, as they purported to do, or whether the net result of the transaction was that they sold only the capital stock of the corporation, is not necessary for us to decide here, for in either case we must reach the conclusion that the sale was completed in 1920 and that it was not on the installment basis. The purchaser paid the agreed price at once, cash, a promissory note for one year, and the assumption of certain mortgage obligations, and the purchaser was immediately put into possession. The agreement was entirely executed, according to its terms, by the Tidewater Co. in 1920, and the seller accepted the cash, the one year promissory note, and the assumption of the mortgage as a full and complete payment.

We can not agree with the petitioner that this transaction was an installment sale under section 212(d) of the Revenue Act of 1926. The initial payment made by the Tidewater Coal Co. amounted to more than 25 per cent of the total price which it had agreed to pay. Only one payment was deferred and that was covered by a one year promissory note. The note was secured by the pledge of all the capital stock of the Connellsville Co. and the record discloses nothing to indicate that it was not worth its face value, and in fact

it was paid with interest, when due. The cash received by the seller amounted to $335,000. The mortgages assumed amounted to $586,000, and the note was worth its face value, namely $254,000. This consideration was all received by an agent for the petitioner in 1920.

The claim of the petitioner that the amount of his profit could not be determined prior to the filing of his income-tax return for the year 1920 we think is without merit. The State and Federal taxes of the Connellsville Co., for the period up to June 1, 1920, could have been ascertained, at least approximately, before March 15, 1921. If later the estimate of these taxes was found to be not wholly accurate, an amended return could have been filed by the petitioner. It is not claimed that the other obligations payable by petitioner's agent out of the proceeds of the sale were unknown during the year 1920.

*Judgment will be entered for the respondent.*